JAMES A. MULLIGAN, ADMINISTRATOR, *vs*. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

Third Judicial District, Bridgeport, April Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A policy of life insurance provided that if it should lapse for nonpayment of premiums it might be revived upon written application and payment of arrears and satisfactory evidence of the sound health of the insured. In an action upon such a policy, which had lapsed and been reinstated, the company alleged that the reinstate-

ment was procured by the false and fraudulent declaration of the insured that she was then in as good a state of health as when the policy was issued; and the plaintiff's denial of this allegation formed the principal issue submitted to the jury. *Held* that under these circumstances the trial court properly refused to charge that this declaration was a warranty which must be literally true regardless of the good faith or belief of the insured in making it.

In the absence of a request or claim calling the attention of the court to the matter, the omission to comment on the weight of particular testimony can rarely furnish ground for a new trial.

Argued April 13th—decided June 14th, 1904.

ACTION to recover the amount of a policy of life insurance, brought to the District Court of Waterbury and tried to the jury before *Cowell, J.;* verdict and judgment for the plaintiff, and appeal by the defendant for alleged errors in the charge of the court. *No error.*

*John O'Neill,* for the appellant (defendant).

*Edward F. Cole,* for the appellee (plaintiff).

HAMERSLEY, J. This is an action on a policy of life insurance issued October 8th, 1900, by which the defendant, in consideration of the payment of a weekly premium of fifty-six cents and compliance with the conditions of the policy, insured the life of the plaintiff's intestate for the sum of $500. The insured warranted the truth of the statements made in her application as to the condition of her health and other matters. No claim is made that any statement covered by this warranty was untrue. In October, 1901, the policy lapsed for nonpayment of premiums. The insurance contract contained this provision: " If this policy is lapsed for nonpayment of premium, it will be revived within one year from the date of lapse upon written application, and payment of all arrears, subject to satisfactory evidence of the sound health of the insured, if required by the company's rules." On November 1st, 1901, the insured applied for a renewal of the policy and her application contained the following statement: " I hereby declare myself, who was form-

erly insured under the above-named policy, to be in as good a state of health as when said policy was issued, and that having allowed it to become lapsed I wish to renew it, upon the understanding that it will not be in force (although I now pay arrears) until the company shall have consented to revive the same." Upon this application the defendant revived the policy and received the premiums as they became due until the death of the insured on January 20th, 1902.

In its rebutter the defendant, as a bar to the plaintiff's right to recover, sets up the provisions of the policy in respect to a renewal after lapse, the lapse of the policy sued upon, the application for revival of November 1st, 1901, and alleges that in said application for revival "the insured falsely and fraudulently represented and warranted and declared to the company that she was in as good a state of health as when said policy was issued"; that "on November 1st, 1901, the insured was not in as good a state of health as when said policy was issued, but she was then suffering from an attack of tuberculosis and quick consumption, from which there was no reasonable or probable ground or hope of recovery, and of said disease she soon thereafter, on the 20th day of January, 1902, died"; that "the defendant relied upon said false and fraudulent statements, and believed the same to be true, and was induced thereby to consent to receive the premiums, amounting to $2.80, and to revive said policy; and the defendant, further relying upon said false and fraudulent statements as to the state of the health of the insured at the time of the renewal of said policy, continued to receive said weekly premiums down to the time of the death of the insured"; that "the above mentioned statements in relation to the health of the deceased were false and fraudulent, were well known by the deceased to be false and fraudulent, and they were made for the purpose of obtaining the consent of the defendant to renew said policy." The foregoing allegations were denied by the plaintiff. The issues raised by these allegations in the defendant's rebutter and their denial by the plaintiff were the only ones submitted to the jury as to which there was any substantial

controversy. The defendant requested the court to charge as follows : " The statements contained in the application for a renewal of the policy by the insured are a warranty, and as such must be true. It does not matter that the insured thought the statements were true, or believed that they were true ; if on November 1st, 1901, the insured was not in fact in as good a state of health as when the policy was originally issued to her, then your verdict must be for- the defendant." The court did not so charge, but did charge : " I do not think that as a matter of law the representations had to be as strong and explicit and were of such binding force as the original application for the policy ; but she was bound to act in good faith. Fraud will vitiate any contract, and if you find that she fraudulently represented that she was in good health when she was not, as a matter of law it would vitiate this policy " ; and further charged that " where the insured at the time of the renewal is not afflicted with any diseases other than those mentioned in the original declaration which tend to threaten life or increase the risk, and those diseases have not become so aggravated as to make his condition substantially different from what it was at the date of the first policy, he is in good health within the meaning of the parties."

The appeal assigns error in the refusal to charge as requested and in the charge upon this point as given, and also in the failure of the court to give specific instructions as to the weight of testimony in respect to certain matters, as to which no request to charge was made.

No one of these exceptions to the charge is well taken. The proposition contained in the request to charge is manifestly unsound ; and in view of the state of evidence disclosed by the record and the issues framed by the parties the defendant, certainly, has no reason to complain of the charge on this point as given. There was nothing in the state of evidence which made it the duty of the court to remind the jury that the opinion of physicians as to the health of a person is presumably entitled to more weight than the opinion of lay people, or to discuss the relative weight of

affirmative and negative testimony.- Moreover, an omission to comment on the weight of particular testimony, in the absence of any request or claim calling the attention of the court to the matter, can rarely furnish ground for a new trial. The claim that the charge as a whole failed to give the jury such instructions as were correct in law, adapted to the issues and sufficient for their guidance in the case before them, is unfounded.

There is no error in the judgment of the District Court.

In this opinion the other judges concurred.